## Noll v. National Liberty Insurance Company.

*Practice, C. P.—Trial of several cases at same time.*

1. Where there are several cases pending and there is no material difference in the separate cases and no disadvantage or prejudice to any of the parties will result from their being tried together, the court has power to consolidate the actions and try them all together.

2. The plaintiff being the same party in eighteen actions brought against as many fire insurances companies for losses on personal property destroyed in the same fire, and the attorneys being the same on each side in every case, and the nature of the defences the same: Ordered, that all should be tried together.

Rule to show cause why actions should not be consolidated and tried together. C. P. York Co., April T., 1920, No. 32.

*Stewart & Gerber*, for plaintiff; *Niles & Neff*, for defendants.

WANNER, P. J.—The plaintiff brought separate actions of *assumpsit* on twenty policies of insurance, issued by as many different fire insurance companies, upon certain personal property of the plaintiff which was afterward destroyed in the same fire.

Judgment for the plaintiff for $1000, for want of an affidavit of defence, was recovered in one case, and for $500, by the verdict of a jury, in another case. In a third case, a verdict for the plaintiff for $1000 was set aside by the court as excessive, and a new trial granted. Each trial consumed a week's time. The questions of law and of fact involved were precisely the same, and there was no substantial or material difference in the evidence submitted to the respective juries at the trial of these cases.

The counsel for the plaintiff and for the defendants, respectively, are the same in all the cases, and the defence is conducted in each instance by the same representatives of all of the defendants, who are making common cause against the plaintiff, and both cases were tried before the same judge.

There is, therefore, no material difference in the questions of law and of fact involved in the separate cases, and no disadvantage or prejudice can, in the opinion of this court, result from the trial of all the remaining cases together. Much will be gained by both parties by the saving of time and expenses of trial, and in the uniformity of the results following the trial of all of the cases at the same time.

The power of the court to order cases tried together under such circumstances as these is well established by abundant authority in both our Federal and state courts. In Mutual Life Ins. Co. *v.* Hillman, 145 U. S. 285, 36 Law Ed. 706, the court said: "Where the English consolidation rule has not been adopted, the American courts, state and Federal, have exercised the authority of ordering several actions by one plaintiff against different defendants to be tried together, whenever the defence is the same, and unnecessary delay and expense will be thereby avoided. . . . The learning and research of counsel have produced no instance in this country in which such an order, made in the exercise of the discretionary power of the court, unrestricted by statute, has been set aside on bill of exceptions or writ of error." *Vide* cases cited in the opinion in this case.

The authority of the court to try a number of cases together is also carefully considered and fully sustained by the Supreme Court of Pennsylvania in Azinger *v.* Pennsylvania R. R. Co., 262 Pa. 242-245, where the following language was quoted with approval from the opinion of the court in Lumiansky *v.* Tessier, 213 Mass. 182, 99 N. E. Repr. 1051: "Where several cases are

pending between the same or different parties, which grow out of a single transaction, or which involve an inquiry into the same event in the same general aspects, although the details of evidence may vary materially in fixing responsibility, the court may order them tried together. But they continue separate so far as concern docket entries, verdicts, judgments and all aspects, save only the joint trial. This is a frequent practice and finds many illustrations in our decisions." For illustrations of the application of this rule to insurance cases similar to these at bar, *vide* Fidelity Phenix Fire Ins. Co. *v.* Friedman, 174 S. W. Repr. 215-217; Blackburn *v.* St. Paul Fire and Marine Ins. Co., 21 S. E. Repr. 922; Southern Stock Fire Ins. Co. *v.* Raleigh, C. & S. Ry. Co. (N. C.), 102 S. E. Repr. 504; Viele *v.* Germania Ins. Co., 26 Iowa, 9, 10.

The trial of these cases together will not prejudice the rights of the parties in any essential matter involved in such trial, and separate verdicts will be taken in each case. Neither will it interfere with their right to take out separate writs of error in each case with the same effect as if the cases had been separately tried.

Now, to wit, Nov. 21, 1921, rule absolute, and the setting down of one of the above cases will be sufficient to place them all upon the trial list.

From Richard E. Cochran, York, Pa.