## Schwartz et ux. v. Carnegie-Illinois Steel Corp.

*Robert M. Bernstein*, for plaintiffs.

*Philip L. Leidy*, for defendant.

ALESSANDRONI, J., February 16, 1939. — Plaintiffs, Samuel Schwartz and Goldie Schwartz, filed this petition in which they set forth that they are also plaintiffs in an action against the Pennsylvania Railroad Company, C. P. No. 5, March term, 1937, no. 4445, both of which claims arose out of the same accident occurring on October 29, 1936, when plaintiffs, while passengers in a railroad train operated by the Pennsylvania Railroad Company, were injured by a derailment of the said train. It appears that the derailment might have been caused by a defect in the wheel of the train, which wheel was manufactured by the Carnegie-Illinois Steel Corporation. To secure a speedier and more just disposition of the claims, plaintiffs seek to have the actions consolidated.

This rule might be designated more accurately as one to show cause why the actions should not be tried together: Azinger v. Pennsylvania R. R. Co., 262 Pa. 242. The determination of such a question is necessarily a

matter of discretion: 5 Standard Pennsylvania Practice, 145, sec. 46; Azinger v. Pennsylvania R. R. Co., supra, at page 247. In the latter case the court said at page 246:

"But where separate actions in favor of or against two or more persons have arisen out of a single transaction, and the evidence by which they are supported is largely the same, although the rights and liabilities of parties may differ, it is within the discretion of the trial judge to order all to be tried together, though in every other respect the actions remain distinct and require separate verdicts and judgments." The court also quoted, at page 246, from the case of Lumiansky v. Tessier, 213 Mass. 182, 188:

" 'Where several causes are pending between the same or different parties which grow out of a single transaction or which involve an inquiry into the same event in its general aspects, although the details of evidence may vary materially in fixing responsibility, the court may order them tried together. But they continue separate so far as concern docket entries, verdicts, judgments and all aspects save only the one of joint trial. This is a frequent practice, and finds many illustrations in our decisions.' "

These cases grow out of the same transaction and involve an inquiry into the same event. It is true that the details of evidence may vary materially in fixing responsibility since the liability of the railroad depends upon its exercise of reasonable care in the maintenance and inspection of its equipment, whereas the liability of the Carnegie-Illinois Steel Corporation depends upon the propriety of the methods of manufacture. Nevertheless, the difference in the evidence which will be offered in the defense of this matter by each of the defendants does not prevent this court from hearing both claims at one time. The actions are to be tried by the court without a jury and the court is able to separate testimony which might affect the liability of one plaintiff and not the other, so

that the prejudice resulting from a confused jury will not be present in the trial of these actions.

In exercising our discretion, we are mindful of the effect which the Scire Facias Acts have on the policy of our law and procedure. See Williams v. Kozlowski et ux. et al., 313 Pa. 219, 225. The most recent amendment to those acts, the Act of June 25, 1937, P. L. 2118, sec. 1, 12 PS §141, enlarges the scope of the prior enactment and allows the additional defendant the right to bring upon the record any other person "because any question or issue, relating to or connected with the subject matter . . . is substantially the same as a question or issue arising between the plaintiff and defendant and should properly be determined, not only between the plaintiff and defendant and the additional defendant, or between any or either of them . . . ".

Further evidence of the trend of present procedure is illustrated by the rules of court effective March 20, 1939, promulgated by the Supreme Court upon recommendation of the Procedural Rules Committee. Rule 13 (*a*) adopted from Rule 42 of the Federal Rules of Civil Procedure provides that a court may order all actions before it consolidated in order to avoid unnecessary costs or delay.

The inconvenience occasioned by defendants in having counsel present at a protracted trial is overcome by the inconvenience which would be visited upon plaintiff if she were required to produce the same witnesses at two separate trials. In the exercise of our discretion, therefore, we are of the opinion that these actions should be tried together.

And now, to wit, February 16, 1939, the rule to show cause why the case of Samuel Schwartz and Goldie Schwartz v. Carnegie-Illinois Steel Corporation, C. C. P. No. 7, September term, 1938, no. 1758, should not be removed to C. C. P. No. 5 and tried together with the case of Samuel Schwartz and Goldie Schwartz v. The Pennsylvania Railroad Company, C. C. P. No. 5, March

term, 1937, no. 4445, with the same force and effect as if both defendants had been originally sued together in their joint and several capacities is made absolute.