## McHenry, Admx., v. Saeson et al.

*Sherman K. Levine*, for plaintiff.
*Cobau & Berry*, for defendants.

BRAHAM, P. J., December 30, 1941.—Plaintiff has brought suit in trespass to recover damages alleged to have been suffered on account of the negligent killing of her husband. Plaintiff has joined the driver of the motor vehicle which collided with her deceased husband and the owner thereof. Defendant has filed a motion for a severance of the trial as to John Saeson, the driver of the truck, and James A. McCormick, trading and doing business as the Castle Distributing Company, the owner of the truck.

The only ground alleged for this relief is that possibly at trial declarations of John Saeson might be given in evidence which would be competent against himself but not competent against defendant McCormick. This, it is alleged, would unduly prejudice the case of defendant.

This motion for a severance must be refused. The situation is relatively simple. No matter what defendant Saeson may have admitted, these admissions cannot be used against defendant McCormick, unless there is other evidence of agency. If, therefore, defendant McCormick tries his case carefully, there need be no wrong done to his rights.

It is true that under Pa. R. C. P. 213, sec. (b), the court may, in the interest of justice, order the severance of causes of action for trial. To do so, however, in this simple situation, would be to fly in the face of the entire trend of modern procedure. Rule 213 (a) provides that the court may of its own motion, where there are joint trials in actions involving a common question of law or fact, order all of several actions consolidated for trial. It has long been the practice to consolidate trials of entirely separate actions when the actions raise common questions of fact: Azinger v. Pennsylvania Railroad Co., 262 Pa. 242; Culver et al. v. Lehigh Valley Transit Co. et al., 322 Pa. 503. By the Act of May 25, 1933, P. L. 1057, 12 PS §§151 et seq., it is provided that in an action of assumpsit plaintiff may join in a single action all or any one or more persons alleged to be severally, jointly or severally, or jointly and severally liable upon an instrument regardless of the capacity in which defendants are respectively liable thereon. By Pa. R. C. P. 2229 (d), it is provided:

"A plaintiff may join as defendants persons against whom he asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question

of law or fact affecting the liabilities of all such persons will arise in the action."

These indicate the settled course now being followed by the law in eliminating technical objections such as that now presented. Entertaining these views we make the following

*Order*

Now December 30, 1941, defendants' motion for severance of the trial of the cause of action against John Saeson and against James A. McCormick, respectively, is refused and denied.