## Norcross v. Smith

*Marc L. Marks*, for plaintiffs.

*George H. Rowley*, for defendant.

McKay, P. J., May 13, 1966.—In this case, one of the plaintiffs, Ronald R. Norcross, administrator of the estate of Beverly Ann Norcross, has presented a motion to sever this action from the action of Gayle Lynn Norcross, a minor, by her parents and natural

guardians, of whom petitioner is one, and petitioner and his wife in their own right against defendant. The purpose of the motion is to permit a separate trial of the cases, in order to permit plaintiff to take advantage of the so-called Dead Man's Statute of May 23, 1887, P. L. 158, which would bar defendant from testifying in the action of plaintiff against defendant if the motion were granted.

The causes of action which are joined in one suit grow out of an automobile accident, in which it is alleged that the negligence of defendant in operating her automobile caused serious bodily injuries to one of the plaintiffs, Gayle Lynn Norcross, and the death of her sister, Beverly Ann Norcross, both minors.

We have given careful consideration to the motion to sever, but are of the opinion that it should be refused for two reasons. First, granting it is, in effect, to bar from the consideration of the jury evidence of defendant as a witness in the survival action through the application of a technical statute which, even though it is still the law in Pennsylvania, is falling in disrepute generally throughout the nation and has been omitted from the American Law Institute's Model Code of Evidence. Second, it is the trend of judicial procedure, and, in our opinion, a desirable trend, to consolidate causes of action for trial wherever possible in the interest of expediting the business of the courts. This trend is recognized not only in the decisions of the courts,[1] but by Pennsylvania Rule of Civil Procedure 213(a), which provides that where there are joint actions involving a common question of law or fact, the court may order all of the several actions consolidated for trial.

---

[1] Azinger v. Pennsylvania Railroad Company, 262 Pa. 242; Culver v. Lehigh Valley Transit Company, 322 Pa. 503; McHenry, Admx. v. Saeson, 44 D. & C. 479 (petition for severance denied).

150

It is true that under Pa. R. C. P. 213(b), the court may, *in the interest of justice*, order the severance of causes of action for trial. However, for the reason stated above, as we view it, it is not in the interest of justice to deprive the triers of fact of the testimony of any eyewitness, even though it be an interested witness such as defendant.

Finally, as a practical consideration, it has long been the practice of this court to consolidate cases wherever possible, and not to grant motions for severance unless the interest of justice especially demands it. This is one of the reasons why it has been possible to keep our cases current, despite the statewide and nationwide record of accumulation of untried civil cases. Accordingly, it is ordered as follows:

ORDER

Now, May 13, 1966, plaintiff's motion to sever is refused.