[J-30-2016] [MO: Saylor, C.J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT DISTRICT

| | | |
|---|---|---|
| IHOR MALANCHUK, | : | No. 22 EAP 2015 |
| | : | |
| Appellant | : | Appeal from the Judgment of Superior |
| | : | Court entered on 12/17/2014 at No. |
| | : | 1379 EDA 2012 quashing the appeal |
| v. | : | from the Orders entered on 3/26/2012 |
| | : | in the Court of Common Pleas, |
| | : | Philadelphia County, Civil Division at |
| ILYA SIVCHUK, ETC., | : | Nos. 3249 May Term, 2009 and 4727 |
| | : | April Term, 2010. |
| Appellee | : | |
| | : | ARGUED:  March 8, 2016 |
| | : | |
| IHOR MALANCHUK, | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ALEX TSIMURA, ETC. AND TATYANA | : | |
| TSIMURA, ETC., | : | |
| | : | |
| Appellees | | |

## CONCURRING OPINION

**JUSTICE BAER**

I concur in the result reached by the Majority but write separately because I believe that the Rules of Civil Procedure appropriately inform the bench and bar as to the effect of a trial court trying actions together.  Thus, it is through these rules, rather than this Court's decision in Azinger v. Pennsylvania R. Co., 105 A. 87 (Pa. 1918),

which at nearly 100 years of age predates formation of the Rules of Civil Procedure, that I would examine the issue presented in this appeal.

This Court's seminal decision in Azinger provided an initial framework for understanding the consequences of a court simultaneously hearing multiple actions. However, in my view, this framework has since been judicially codified in the Rules of Civil Procedure addressing joinder and consolidation of actions.[1]

A review of these rules indicates that, when two or more actions are subject to mandatory joinder, they are deemed a single action and move forward as if one. See Pa.R.C.P. 1020(d) (providing that the joinder of actions is mandatory when "a transaction or occurrence gives rise to more than one cause of action heretofore asserted in assumpsit and trespass, against the same person, including causes of action in the alternative"). The same is true in a permissive joinder scenario when joinder in fact occurs. See Pa.R.C.P. 2229 (explaining the various scenarios when the joinder of a party is permitted, such as, under subsection (c) of the rule, "[p]arties may join or be joined in the alternative although the cause of action asserted by or against any one or more of them is inconsistent with the cause of action asserted by or against any of the others so joined").[2] The rules further advise that the discretionary consolidation of different actions simply operates as an administrative convenience, while the consolidated actions keep their individual identities. See Pa.R.C.P. 213(a)

---

[1] I acknowledge that the Majority is applying the holding of Kincy v. Petro, 2 A.3d 490 (Pa. 2010), which reaffirmed the holding in Azinger. However, if I were writing on a clean slate, I would employ a rationale more consistent with Chief Justice Saylor's concurring opinion in Kincy. Kincy, 2 A.3d at 498-99 (Saylor, J., concurring).

[2] Notwithstanding the merging of two actions into one when mandatory or permissive joinder occurs, Kincy was correctly decided. This Court has never held that the joinder of two actions allows a party to rely on another's pleadings without express contemporaneous adoption of the same.

(giving the trial court discretion to consolidate actions "which involve a common question of law or fact or which arise from the same transaction or occurrence").

Here, it is undisputed that the trial court consolidated Appellant's separate actions against Mr. Tsimura and Mr. Sivchuk pursuant to Rule 213(a). Thus, the trial court considered the matters simultaneously only for the sake of administrative convenience. The actions, therefore, maintained separate identities. Consequently, when the trial court entered its order granting summary judgment in favor of Mr. Tsimura, that order was final and appealable, regardless of the status of Appellant's action against Mr. Sivchuk. See Pa.R.A.P. 341(b)(1) (defining "final order" as an order that "disposes of all claims and of all parties").

For these reasons, I would cease employing Azinger as an analytical basis for disposition of consolidation/merger questions, vacate the Superior Court's order quashing Appellant's appeal in this case, and, consistent with the Majority, remand the matter to the Superior Court with directions that the court resolve the merits of Appellant's appeal.