J-S01018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, ET AL | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| B. JAY BAGDIS, PAMELA BAGDIS | : | |
| ---------------------------------------- | : | No. 1783 EDA 2019 |
| | : | |
| B. JAY BAGDIS | : | |
| | : | |
| v. | : | |
| | : | |
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION | : | |
| | : | |
| APPEAL OF: B. JAY BAGDIS | | |

Appeal from the Order Entered May 17, 2019,
in the Court of Common Pleas of Montgomery County,
Civil Division at No(s):  2013-07035.

BEFORE:   BOWES, J., KUNSELMAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    Filed: March 17, 2020

Appellant, B. Jay Bagdis, a former attorney proceeding *pro se*, filed one
notice of appeal from an order granting summary judgment to JPMorgan
Chase.  However, he listed two docket numbers: one for this appealed, quiet-
title case (***Bagdis v. JP Morgan Chase***) and one for a consolidated,
mortgage-foreclosure case (***JP Morgan Chase et al. v. Bagdis and Bagdis***)

---

[*] Retired Senior Judge assigned to the Superior Court.

that he did not appeal. The foreclosure case is still under the trial court's jurisdiction. Preliminarily, we must decide (1) whether the summary-judgment order was interlocutory and (2) whether Mr. Bagdis' inclusion of the foreclosure's docket number on his notice of appeal requires us to quash under *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018). We conclude that *Walker* does not apply and affirm.

The trial court accurately related the facts and procedural history of this case as follows:

> In February of 2003, [Mr.] Bagdis and his wife executed a promissory note secured by a mortgage to Washington Mutual Bank . . . in order to secure a loan taken to purchase property . . . (hereinafter referred to as "the Property"). Five years later, on September 25, 2008, due to insolvency, Washington Mutual was closed by the United States government. The Federal Deposit Insurance Corporation became the receiver of all of Washington Mutual's assets. On that same date, [Defendant], Chase purchased all the loans of Washington Mutual from the FDIC.
>
> The Bagdises defaulted on the mortgage loan in April of 2012. On April 3, 2013, Chase filed a mortgage foreclosure lawsuit, captioned as Montgomery County Court of Common Pleas 2013-07035, (hereinafter referred to as "the foreclosure lawsuit."). At the time this lawsuit was filed, Chase had possession of the original Note and Mortgage . . . [Following several assignments, Wilmington Savings Fund Society ("WSFS")] is currently in possession of the original note and mortgage signed by Mr. and Mrs. Bagdis.
>
> On December 17, 2015, Bagdis filed an action to quiet title in Montgomery County. This lawsuit, captioned as Montgomery County Court of Common Pleas 2015-32345, (hereinafter referred to as "the quiet-title lawsuit") seeks to determine the current holder of the note for the Bagdises

> loan. In the complaint in this quiet-title lawsuit, [Mr.] Bagdis acknowledged that he and his wife had signed the original note and taken out the mortgage. [Mr.] Bagdis also pleads that the assignment of the mortgage from the FDIC to Chase and the assignment from Chase to FNMA were recorded. This lawsuit was consolidated with the mortgage foreclosure lawsuit.

Trial Court Opinion, 7/2/19, at 1-2 (footnotes omitted).

On January 24, 2018, Chase moved for summary judgment to dismiss the quiet-title lawsuit against it. Chase argued that, having assigned the mortgage and the note to another entity, it no longer had any interest in the property and thus the quiet-title action against it was moot. The trial court agreed, granted Chase summary judgment, and dismissed docket number 2015-32345.

Three weeks later, Mr. Bagdis filed a notice of appeal. He captioned it as follows:

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, National Association, *et al* | : | Civil Action – Foreclosure |
| Plaintiffs | : | |
| v. | : | No. 2013-07035 |
| | : | |
| B. JAY BAGDIS | : | |
| PAMELA BAGDIS, | : | |
| Defendants | : | |
| B. JAY BAGDIS, | : | |
| Plaintiff | : | Civil Action – Quiet Title |
| v. | : | |
| | : | No. 2013-07035 |
| JPMORGAN CHASE BANK, National Assocation, | : | (consolidated from 2015-32435) |
| Defendant | : | |

Bagdis' Notice of Appeal at 1.

On appeal, Mr. Bagdis raises three claims of error, contending that the trial court should not have granted summary judgment to JPMorgan Chase. Preliminarily, however, we must first resolve two procedural issues:

1.     Whether Mr. Bagdis has prematurely appealed from an interlocutory order?

2.     If Mr. Bagdis' appeal is ripe, whether his inclusion of two docket numbers on the notice of appeal requires us to quash the appeal under Pennsylvania Rule of Appellate Procedure 341(a) Note and the Supreme Court's decision in *Walker?*

Although Mr. Bagdis takes no position on either of these issue in his brief, Chase does.    Chase contends the appealed-from order is not interlocutory.   In its view, the summary-judgment grant was a final order in Mr. Bagdis' quiet-title action.   Chase asserts that that action is severable from the foreclosure matter for appellate purposes.   It therefore believes that the quiet-title case is properly within our appellate jurisdiction.   Regarding the second issue, Chase asks us to quash, because it believes that Mr. Bagdis violated *Walker*, *supra*.

We discuss each issue in turn.

We first consider whether this appeal is premature i.e. whether the order on appeal was a final order.  Although neither party raised this issue, we may "raise the issue *sua sponte*, because it affects the jurisdiction of the court." ***Brickman Group, Ltd. v. CGU Ins. Co.***, 829 A.2d 1160, 1163 (Pa.Super. 2003).

- 4 -

"Jurisdiction is purely a question of law; the appellate standard of review is *de novo*, and the scope of review plenary." ***Barak v. Karolizki***, 196 A.3d 208, 215 (Pa.Super. 2018).

An appellate court only "has jurisdiction to entertain appeals taken (1) as of right from a final order; (2) from interlocutory orders by permission; (3) from certain interlocutory orders as of right; and (4) from certain collateral orders." ***Redevelopment Auth. of Cambria City v. Int'l Ins. Co.***, 685 A.2d 581, 585 (Pa.Super. 1996) (citations omitted). Hence, if the order granting summary judgment to Chase is not within those four categories, we lack appellate jurisdiction. "An order is final if it disposes of all claims and all parties, and an order is interlocutory when it does not effectively put a litigant out of court." ***Koken v. Colonial Assurance Co.***, 885 A.2d 1078, 1101 (Pa.Cmwlth. 2005) (citation omitted), *affirmed per curiam*, 893 A.2d 98 (Pa. 2006).

Here, the trial court consolidated two cases, because they both involved the same parcel of land, presented similar questions of law, and involved identical parties. It later terminated one of those actions (the quiet-title case) through a grant of summary judgment. However, as the trial court observed in its Rule 1925(a) Opinion, and as the judicial records of the trial court indicate, the foreclosure is currently proceeding before the trial court. ***See*** Trial Court Opinion, 7/2/19, at 5.

When consolidation of cases occurs and the trial court later grants summary judgment in one action, the summary-judgment grant may be a

- 5 -

final order that is immediately appeal under **Malanchuk v. Tsimura**, 137 A.2d 1283 (Pa. 2016). In **Malanchuk**, a plaintiff sued two defendants in separate actions, even though all of his injuries arose from the same event. The trial court consolidated the two lawsuits "for purpose of discovery, arbitration, and . . . trial." **Id.**, 137 at 1284 (quoting trial court's consolidation order). One of the defendants won summary judgment as to all claims against him; the other defendant did not. The plaintiff immediately appealed the grant of summary judgment.

This Court, sitting *en banc*, quashed the appeal. The Supreme Court of Pennsylvania reversed and explained that, when a trial court consolidates separate civil actions, "in every other respect the actions remain distinct and require separate verdicts and judgments." **Malanchuk v. Tsimura**, 137 A.3d at 1286 (quoting **Azinger v. Pennsylvania R. Co.**, 105 A. 87, 88 (Pa. 1918)). Indeed, "complete consolidation between actions involving non-identical parties, subject matter, issues and defenses, is simply untenable." **Id.** Therefore, "whether a separate-judgment rule pertains hinges upon whether . . . consolidated actions merge, thereby erasing the separate identities of the actions." **Id.** Merger only occurs under **Azinger** and **Malanchuk** when there is "complete identity of parties and claims . . . ." **Id.** at 1288.

In the matter at bar, there is not complete identity of parties between this quiet-title action and the foreclosure action. For instance, Appellant's wife, Pamela Bagdis, is a defendant in the foreclosure action, but she is not a party to the quiet title action.. Additionally, Chase is no longer a party in the

- 6 -

mortgage-foreclosure action, because other banks have substituted themselves as plaintiffs. We therefore conclude that the trial court's order of consolidation did not merge the two cases, so as to extinguish their separate identities under *Azinger* and *Malanchuk*.

Accordingly, the order dated May 17, 2019 granting summary judgment in the quiet-title action in favor of Chase is a final order in a separate, unmerged action. We therefore have appellate jurisdiction over this appeal from that final order.

Next, we must decide whether Mr. Bagdis violated Pa.R.A.P. 341(a) Note and *Walker*, *supra*. As mentioned, Chase contends that *Walker* and its progeny, *e.g.*, *Commonwealth v. Creese*, 216 A.3d 1142 (Pa.Super. 2019),[1] control, and that this Court must quash Mr. Bagdis' appeal. We disagree.

When interpreting a procedural rule, we face "a question of law . . . our standard of review is *de novo*, and our scope is plenary." *Commonwealth v. Far*, 46 A.3d 709, 712 (Pa. 2012).

In *Walker*, the Commonwealth attempted, with one notice of appeal, to challenge the suppression of evidence regarding four co-defendants. The trial court entered one order, at all four docket numbers, because the cases were consolidated in that court. This Court applied the Note to Pa.R.A.P. 341(a) and quashed the Commonwealth's appeal, because the order of

---

[1] In *Commonwealth v. Johnson*, Nos. 1620, 2045, 2046, 2047 EDA 2018, this Court *en banc* will soon reconsider the holding from *Commonwealth v. Creese*, 216 A.3d 1142 (Pa.Super. 2019).

suppression "resolved issues arising on more than one docket." ***See Walker***, 185 A.3d at 973 (quoting Superior Court decision) (quotations omitted).

On appeal the Supreme Court affirmed and held "that, prospectively, (*i.e.* after June 1, 2018) where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." See ***Walker*** at 971.[2] The Court said this is "a bright-line mandatory instruction to practitioners to file separate notices of appeal." ***Walker*** at 976-77.

We must now decide whether this rule applies when an appellant only appeals a single case from a consolidated docket. Applying the Note's plain language, we conclude it does not. The Note is limited to circumstances where an order "resolves issues arising on ***more than one docket*** or relating to ***more than one judgment*** . . . ." Pa.R.A.P. 341, Official Note (emphasis added). Here, the trial court only entered one judgment on one docket – *i.e.*, the quiet-title action filed by Mr. Bagdis. That order did not resolve issues arising on more than one docket or relating to more than one judgment.

As we observed above, the foreclosure action involving the same property remains pending before the trial court. As such, this appeal differs

---

[2] The ***Walker*** Court's analysis stemmed from a sentence in the Note to Pa.R.A.P. 341(a). Pennsylvania Rule of Appellate Procedure 341(a) provides, "an appeal may be taken as of right from any final order of a government unit or trial court." The Note to that Rule dictates that, when "one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed." Pa.R.A.P. 341, Official Note.

vastly from the quadruple appeal that the Commonwealth attempted in *Walker*.

Additionally, although Mr. Bagdis included two numbers on his notice of appeal, he actually only appealed from one case, the quiet-title action. As such, we find that *Creese*, *supra*, does not apply. *See Creese*, 216 A.3d at 1144 (finding each notice of appeal must contain only one docket number).

Thus, we will not quash this appeal.

Before addressing Mr. Bagdis' challenges to the trial court's grant of summary judgment in favor of to Chase, we note that the trial court dismissed Mr. Bagdis' quiet-title action, as a matter law, on procedural grounds, namely that the action was moot and that Mr. Bagdis lacked standing.

The trial court opined:

> Chase is no longer the mortgage holder on the Property. All such interests were assigned by Chase to FNMA, which in turn assigned these interests to WSFS. WSFS has shown it currently is in possession of this original note. The assignment chain of the mortgage from Washington Mutual to Chase (through the FDIC) to FNMA to WSFS has been established by the evidence submitted. Chase has no interest in the mortgage, in the note, or in the Property. Likewise, Chase has been replaced as a party in the mortgage foreclosure lawsuit.
>
> The only reason [Mr.] Bagdis put forth to keep Chase in this lawsuit is his questioning of the validity of the assignment of the mortgage from Washington Mutual to Chase. However, [Mr.] Bagdis lacks standing to attack this assignment. *See Ira G. Steffy & Son, Inc. v. Citizens Bank of Pennsylvania*, 7 A.3d 278, 287 (Pa.Super. 2010) . . . .
>
> The dismissal of the quiet-title lawsuit was proper, as the credible evidence establishes that Chase has no interest

- 9 -

> in the Property . . . There is no evidence or any valid reason to keep Chase involved in this mortgage dispute when the evidence fully established that [it] has no interest in the Property.

Trial Court Opinion, 7/2/19, at 4-5 (footnotes omitted).

Mr. Bagdis failed to challenge the trial court's procedural determinations of mootness or standing on appeal. Instead, the three issues in his brief address substantive issues – (1) whether the trial court erred as a matter of law because there are unresolved questions of material fact regarding the merits; (2) whether the trial court resolved those disputed questions of material fact in favor of Chase; and (3) whether those resolutions of material fact were an abuse of discretion. **See** Mr. Bagdis' Brief at 4.

Conspicuously absent from those issues, and Mr. Bagdis' briefs in general, is a claim that the trial court erred by ruling that the quiet-title action was moot. There is also no allegation that the trial court erred when it found that Mr. Bagdis lacked standing under ***Ira G. Steffy & Son, Inc. v. Citizens Bank of Pennsylvania***, 7 A.3d 278, 287 (Pa.Super. 2010).

Because Mr. Bagdis has failed to appeal either of the trial court's grounds for granting Chase summary judgment, he has waived any claim that the trial court erred in those regards. ***See, e.g., Commonwealth v. Samuel***, 102 A.3d 1001, 1003–1004 (Pa.Super. 2014) (observing that an appellant's failure to raise an issue in the brief's statement of questions involved on appeal waives issue). Under Pa.R.A.P. 2116(a), "No question will be considered

unless it is stated in the statement of questions involved or is fairly suggested thereby."

Nothing in Mr. Bagdis' statement of questions on appeal involves or suggests that this matter is not moot or that Mr. Bagdis has standing to bring a quiet-title action to challenge Chase's assignment of his mortgage. His brief does not even mention the word "moot." And the few references to "standing" pertain to whether Chase had standing to bring the foreclosure action that remains unresolved below.

"It has long been the rule in Pennsylvania that [our courts] will not decide moot questions." *In re Gross*, 382 A.2d 116, 120 (Pa. 1978). Also, "Standing is a core jurisprudential requirement that looks to the party bringing a legal challenge . . . as a prerequisite *before the court will consider the merits* of the legal challenge itself." *Com. ex rel. Judicial Conduct Bd. v. Griffin*, 918 A.2d 87, 93 (Pa. 2007) (emphasis added).

Because this quiet-title action is moot and Mr. Bagdis lacks standing, we may *not* address the substantive issues Mr. Bagdis' raised in this appeal. No appellate relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/17/20