**[J-30-2016]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**SAYLOR, C.J., EAKIN, BAER, TODD, DONOHUE, DOUGHERTY, WECHT, JJ.**

| | | |
|---|---|---|
| IHOR MALANCHUK, | : | No. 22 EAP 2015 |
| | : | |
| Appellant | : | Appeal from the Judgment of Superior |
| | : | Court entered on 12/17/14 at No. 1379 |
| v. | : | EDA 2012 quashing the appeal from the |
| | : | orders entered on 3/26/12 in the Court |
| | : | of Common Pleas, Philadelphia County, |
| ALEX TSIMURA, | : | Civil Division at Nos. 3249 May term, |
| | : | 2009 and 4727 April term, 2010 |
| Appellee | : | |
| | : | |
| | : | |
| | : | ARGUED: March 8, 2016 |

**_OPINION_**[1]

**CHIEF JUSTICE SAYLOR**

The question presented concerns whether an order awarding summary judgment in one of two civil cases consolidated for purposes of discovery and trial was appealable immediately as of right.

Appellant, a carpenter, fell from scaffolding at a residence where he was working and suffered injury. Initially, he commenced a civil action against the owner of the premises, Ilya Sivchuk. Later, Appellant initiated a separate proceeding against another worker, Appellee Alex Tsimura.[2]

---

[1] The above caption has been corrected to reflect the disposition, below.

[2] A various times, Appellant performed work for a construction company of which Mr. Sivchuk was the principal and Appellee was a field manager. For these reasons, and in (continued…)

Mr. Sivchuk filed a motion requesting that the two actions be consolidated pursuant to Rule of Civil Procedure 213(a), which prescribes:

> In actions pending in a county which involve a common question of law or fact or which arise from the same transaction or occurrence, the court on its own motion or on the motion of any party may order a joint hearing or trial of any matter in issue in the actions, may order the actions consolidated, and may make orders that avoid unnecessary cost or delay.

Pa.R.C.P. No. 213(a). In response, the common pleas court entered an order consolidating the actions "for purposes of discovery, arbitration, and if appealed, trial." Order dated June 6, 2011, in *Malanchuk v. Sivchuk*, No. 3249 May Term 2009 (C.P. Phila.), and *Malanchuk v. Tsimura*, No. 4727 April Term 2010 (C.P. Phila).

After the completion of discovery, Appellee and Mr. Sivchuk pursued summary judgment. The common pleas court issued a single order granting Appellee's motion in its entirety but awarding Sivchuk only partial relief. Accordingly, as against Sivchuk, the litigation ripened toward trial.

Appellant filed a notice of appeal -- proceeding under the *Tsimura* case caption -- to challenge the summary relief Appellee had obtained. In an opinion per Rule of Appellate Procedure 1925, the common pleas court expressed its belief that this appeal was premature. The court explained that Rule of Appellate Procedure 341 establishes

---

(…continued)

light of the employer-immunity provision of the Workers' Compensation Act, *see* 77 P.S. §481, controversies arose concerning whether Appellant was performing as an employee or an independent contractor when his injury occurred, as well as the capacity in which Appellee was serving at this time. *See generally Thompson v. WCAB (USF&G Co.*), 566 Pa. 420, 432, 781 A.2d 1146, 1153 (2001) (discussing the exclusivity of remedies provision of the Workers' Compensation Act). Such disputes, however, are not relevant for purposes of our consideration of the question of appealability presently before this Court.

the general rule that appeals lie from final orders which dispose of all claims and of all parties, are expressly defined as final orders per statute, or are entered as final orders under Rule 341(c). *See* Pa.R.A.P. 341(b).[3]

The common pleas court also noted that appeals from non-final orders are subject to categorical limitations for interlocutory appeals as of right under Rule 311 and the requirement for appropriate threshold requests relative to an interlocutory appeal by permission per Rule 312.[4] The court concluded that Appellant's appeal was not a final one for purposes of Rule 341, implicitly contemplating that the consolidation of the actions against Appellee and Mr. Sivchuk was effective at the summary judgment stage and extended into the appeal. For this reason -- and since the summary judgment order was not of a type that would support an interlocutory appeal as of right and Appellant had not filed a petition for permission to appeal -- the common pleas court found the appeal to be an impermissible, interlocutory one.

Appellee filed a motion in the Superior Court asking that the appeal caption be amended to reflect the *Sivchuk* case rather than the *Tsimura* one, given that the latter was the lead case under the common pleas court's consolidation order. Citing to *Kincy v. Petro*, 606 Pa. 524, 2 A.3d 490 (2010), Appellant opposed this amendment on the basis that a consolidation order cannot effect a complete consolidation of two separate actions or otherwise impose a single identity upon actions, where the parties and claims

---

[3] Since the issuance of the common pleas court's opinion, the second of these categories was removed from Rule 341(b), and appeals from orders that do not dispose of all parties and all claims denominated as final orders by statute were converted into interlocutory appeals as of right under Rule 311(a)(8).

[4] As noted in ensuing opinions by three-judge and *en banc* Superior Court panels, the collateral order doctrine serves as another avenue for pursuing interlocutory appellate review as of right. *See* Pa.R.A.P. 313. This doctrine, however, is not implicated presently.

are not identical. *See id.* at 532-33, 2 A.3d at 495. The Superior Court nonetheless granted Appellee's motion to amend via a *per curiam* order.

Subsequently, a divided, three-judge panel of the Superior Court overturned the common pleas court's award of summary judgment in favor of Appellee. As to the jurisdictional aspect (appealability), the majority explained that, in the *Kincy* decision, this Court held that an order issued under Rule of Civil Procedure 213(a) purporting to consolidate two separate actions "for all purposes" could not be accorded such effect, where different parties and different theories of liability were involved. *See Malanchuk v. Sivchuk*, 1379 EDA 2012, *slip op.* at 8 (Pa. Super. Dec. 4, 2013) (explaining that "*Kincy* holds that each action retains its separate identity despite the entry of a consolidation order under Pa.R.C.P. 213"). In the majority's view, absent a complete consolidation -- which only can occur among cases sharing the same parties and claims -- "consolidated" cases simply do not merge, and their separate identities remain extant for purposes of judgment and appealability. Since the *Sivchuk* and *Tsimura* cases involved different defendants, the majority found that the appeal from the final disposition of the latter was proper.

In dissent, Judge Ott took the position that *Kincy* was distinguishable, since that matter concerned a plaintiff's effort to attain a merger of pleadings in order to circumvent a bar to her advancement of a particular cause of action imposed by the relevant statute of limitations. *See Kincy*, 606 Pa. at 536-37, 2 A.3d at 497-98. In terms of the appealability issue presented in the circumstances at hand, Judge Ott saw no reason to distinguish cases in which a plaintiff commences a single action arising out of the same set of factual circumstances against multiple defendants from a circumstance in which the plaintiff would hale multiple defendants into court via separate actions. In this regard, the dissent highlighted the policy of limiting piecemeal appeals. *See*

*generally Rae v. Pa. Funeral Dirs. Ass'n*, 602 Pa. 65, 78-79, 977 A.2d 1121, 1129-30 (2009).

On Appellee's motion, the Superior Court granted *en banc* reargument, overturned the panel decision, and quashed the appeal. *See Malanchuk v. Sivchuk*, 106 A.3d 789 (Pa. Super. 2014). In this unanimous decision, the intermediate court employed reasoning consistent with the position developed by Judge Ott in her previous dissent. In this regard, the *en banc* court similarly distinguished *Kincy*, *see id.* at 795 ("Key to understanding *Kincy* is that by the time the cases were consolidated, the statute of limitations had expired."), and found it unreasonable that an "otherwise interlocutory order is final and appealable based solely on the manner in which the claims were originally presented." *Id.*

We allowed appeal on Appellant's petition to consider the impact of the consolidation order upon appealability. As the issue is one of law, our present review is plenary.

At the outset, we find the Superior Court's discounting of *Kincy*'s main rationale to be unpersuasive. Although *Kincy* encompassed a statute-of-limitations concern, that was not the basis for the primary holding in the case.[5] Rather, the *Kincy* majority grounded its initial holding in a reaffirmation of *Azinger v. Pennsylvania R. Co.*, 262 Pa. 242, 105 A. 87 (1918), which explained in plain terms:

---

[5] The majority opinion in *Kincy* does contain an alternative holding premised on the statute of limitations aspect. *See Kincy*, 606 Pa. at 497, 2 A.3d at 536-37. Both alternative holdings in the case, however, maintain independent viability. *See, e.g.*, *Commonwealth v. Markman*, 591 Pa. 249, 282, 916 A.2d 586, 606 (2007) (quoting *Commonwealth v. Swing*, 409 Pa. 241, 245, 186 A.2d 24, 26 (1962), for the proposition that "[w]here a decision rests on two or more grounds equally valid, none may be relegated to the inferior status of obiter dictum").

> [W]here separate actions in favor of or against two or more persons have arisen out of a single transaction, and the evidence by which they are supported is largely the same, although the rights and liabilities of parties may differ, it is within the discretion of the trial judge to order all to be tried together, *though in every other respect the actions remain distinct and require separate verdicts and judgments.*

*Id.* at 246, 105 A. at 88 (emphasis added). Under *Azinger*, consolidation effectuating a merger or fusion of actions impressing a single identity upon them can occur only where there is a complete overlap among parties and causes of action. *See id.* ("[D]ifferent actions cannot be consolidated unless between the same parties and involving the same subject-matter, issues, and defenses."). Otherwise, the *Azinger* Court explained, actions may be consolidated only for purposes of convenient pretrial and trial administration. *See id.*[6]

Of further direct import, the *Kincy* majority explicitly determined that modern procedural rules -- in particular Rule of Civil Procedure 213(a) – do not supplant *Azinger*. *See Kincy*, 606 Pa. at 528-32, 2 A.3d at 492-95 (discussing Rule 213(a) and *Azinger* in tandem and explaining that "a conclusion that Rule 213(a) contemplates complete consolidation between actions involving non-identical parties, subject matter, issues and defenses, is simply untenable"). Significantly, as well, the *Kincy* majority expressly discussed *Azinger*'s applicability in the context of an appealability assessment. *See id.* at 534, 2 A.3d at 496 (applying *Azinger* as an alternative basis for crediting the holding in *Keefer v. Keefer*, 741 A.2d 808 (Pa. Super. 1999), that a dispositive pretrial order relative to one of several consolidated cases was not immediately appealable as of right). Thus, the *en banc* Superior Court's position in the

---

[6] We use the term "convenient pretrial and trial administration" here to subsume a third category of consolidation identified in *Azinger*, namely, implementation of a stay of several actions through trial of another raising common questions. *See Azinger*, 262 Pa. at 245, 105 A. at 88.

present case, that *Kincy*'s consolidation analysis does not extend into the arena of appealability, is not well taken.

Per *Kincy* and its reaffirmation of *Azinger*, the question of whether a separate-judgment rule pertains hinges upon whether or not consolidated actions merge, thereby erasing the separate identities of the actions.[7] Accordingly, it was not appropriate for the *en banc* Superior Court to displace this central consideration by fashioning a separate and independent merger inquiry relative to the appealability concern.

We recognize that the holding of a decision is to be read against its facts, such that *Kincy* may not be absolutely binding upon us here (given that the factual circumstances directly before the Court in *Kincy* did not implicate appealability). However, the reasoning applied in *Kincy*, as well as in the seminal *Azinger* decision, carried broader-scale implications, and neither the Superior Court nor Appellee has supplied an adequate basis for discounting these wider ramifications.

In terms of the policy considerations discussed by the intermediate court, we recognize that the application of *Azinger* in the present setting is in tension with the general policy disfavoring piecemeal appeals and that, under *Azinger*, a plaintiff's decision to commence separate actions which are later consolidated alters the appealability calculus. Nevertheless, there may be substantial inefficiencies associated with postponing appellate review in circumstances such as those presented here. Notably, the Superior Court already has determined that Appellant's substantive challenge to the award of summary judgment against him was meritorious. Accordingly,

---

[7] This is essentially the approach which has been applied by the Commonwealth Court. *See, e.g.*, *Knox v. SEPTA*, 81 A.3d 1016, 1019-20 (Pa. Cmwlth. 2013) (holding that judgments arising out of separate but consolidated actions that had been commenced by multiple plaintiffs arising out of the same occurrence but against different defendants must be appealed independently, where the parties were not identical and, accordingly, the actions did not merge).

were Appellee's position regarding appealability to prevail, the matter would proceed to trial against Sivchuk, subject to another potential round of appellate review, only to be ultimately returned to the common pleas court for another trial relative to the claim against Appellee.

Moreover, given that our procedural rules do not universally compel joinder of all defendants in a single action although the claims against them arise from the same set of factual circumstances,[8] it is not unreasonable to permit plaintiffs' choices about how to proceed to carry their normal, attendant consequences per governing legal doctrines, such as the precepts enunciated in *Azinger*.  For these reasons, the Superior Court was not at liberty to implement a freestanding policy determination without a closer analysis of *Kincy* and its salient treatment of *Azinger*.

We realize that consolidation questions have generated a great deal of controversy at both the federal and state levels, as reflected in a persistent split of authority regarding whether, or to what extent, consolidation effects a merger of claims for purposes of immediate appealability and otherwise.  *See generally Trenz v. Family Dollar Stores of Massachusetts, Inc.*, 900 N.E.2d 97, 99 (Mass. App. Ct. 2009) (collecting cases).  While there may be relative merits to each of the approaches taken among the various jurisdictions, at bottom, it is most important that a clear rule be maintained within individual jurisdictions, so that litigants are afforded a fair opportunity to protect their rights and interests.  *Accord* Joan Steinman, *The Effects of Case Consolidation on the Procedural Rights of Litigants: What They Are, What They Might Be Part 1: Justiciability and Jurisdiction (Original and Appellate)*, 42 UCLA L. REV. 717, 832 (1995) ("To enable participants in the legal system to protect their interests, the

---

[8] General compulsory joinder principles are embodied in Rules of Civil Procedure 1020(d) (joinder of causes of action) and 2227 and 2228 (joinder of parties), none of which pertains presently.

actual effects of consolidation on litigants' procedural rights need to be understood."). In Pennsylvania, *Azinger* establishes such a clear rule, as reinvigorated and maintained by *Kincy*.[9]

In summary, after *Kincy*, *Azinger* remains good law, and consolidation under Rule of Civil Procedure 213(a) must be read in light of *Azinger*'s plain dictates, unless and until such decision is overturned based upon a specific challenge containing directed and focused advocacy,[10] or displaced upon overt rulemaking by this Court. Accordingly, complete consolidation (or merger or fusion of actions) does not occur absent a complete identity of parties and claims; separate actions lacking such overlap

---

[9] The concurrence posits that Rule 213(a) is clear on its face, and that the rule "advise[s] that the discretionary consolidation of different actions simply operates as an administrative convenience, while the consolidated actions keep their individual identities." Concurring Opinion at 2 (citing Pa.R.C.P. No. 213(a)). With respect, however, Rule 213(a) simply does not contain this information. Rather, in relevant part, the rule only prescribes, in far more general terms, that trial courts "may order the actions consolidated." Pa.R.C.P. No. 213(a).

Indeed, it is because Rule 213(a) *does not* elaborate on what is meant by "consolidated" that it was necessary, in *Kincy*, to consider the various forms of consolidation and clarify that Rule 213(a) largely (or wholly) excludes one strain -- *i.e.*, complete consolidation of previously separate actions --  since such consolidation is effectively obviated by the requirement for mandatory joinder in a single action of causes of action arising out of the same transaction or occurrence against the same person, per Rule 1020(d). *See Kincy*, 606 Pa. at 531, 2 A.3d at 494.

For this reason, implementation of the concurrence's suggestion that the *Kincy/Azinger* analysis of consolidation should be jettisoned would restore the ambiguity to Rule 213(a)'s generalized authorization for trial courts to order "the actions consolidated." Pa.R.C.P. No. 213(a).

[10] It is worth noting that no such challenge was presented in *Kincy*, *see Kincy*, 606 Pa. at 533, 2 A.3d at 495 ("Notably, [the appellant] does not dispute the ongoing validity of *Azinger*, and, indeed, does not cite the case in her brief."), nor is one presented here, as Appellee also does not offer any developed, critical commentary relative to *Azinger*.

retain their separate identities and require distinct judgments; these principles pertain equally to appealability determinations; and they continue to operate even in the face of an order purporting to consolidate the actions "for all purposes."[11]

Presently, since complete consolidation did not occur, the common pleas court's order awarding summary judgment in favor of Appellee was a final one as to the *Tsimura* case.

The order of the Superior Court is reversed and the matter is remanded for further proceedings consistent with this opinion.

Justices Todd, Donohue and Dougherty join the opinion.

Justice Baer files a concurring opinion.

Former Justice Eakin and Justice Wecht did not participate in the consideration or decision of this case.

---

[11] Arguably, even for purposes of convenient pretrial and trial administration, the present consolidation order did not extend to the summary judgment stage, since the order was couched only in terms of discovery, arbitration, and trial. Although *Kincy* held that a broader order (consolidating cases "for all purposes") would be ineffective for its stated purposes in any event in light of the legal limitations established by *Azinger*, we know of no principle which would operate to extend the effect of a consolidation order beyond its own express terms.

Along these lines, it would be helpful if common pleas courts wishing to implement consolidation encompassing *all* pretrial proceedings would say so clearly (albeit that, in light of *Kincy* and *Azinger*, such order would not supplant the requirement for separate judgments in the absence of identical parties and claims). At the very least, applying such precision would clarify what is being consolidated, if only for administrative convenience at the common pleas level.