J-S57042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RICHARD RUTTA AND DIRECT DIAMOND NETWORK, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ASAF BEN OZ, | : | |
| | : | |
| Appellant | : | No. 372 MDA 2019 |

Appeal from the Order Entered February 1, 2019
in the Court of Common Pleas of Luzerne County
Civil Division at No(s):  2015-CV-000754,
2015-CV-05658, 2015-CV-5659

BEFORE:  BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED AUGUST 12, 2020**

Asaf Ben Oz ("Oz") appeals from the Order entering partial summary judgment against him and in favor of the plaintiffs in the underlying actions, Richard Rutta ("Rutta") and Direct Diamond Network, Inc. (collectively, "Plaintiffs").  We affirm.

On January 22, 2015, Plaintiffs filed a Complaint against Oz, with whom Plaintiffs had prior business dealings, alleging breach of contract, breach of fiduciary duty, replevin, conversion, and accounting (collectively, "the breach of contract claims").  The case was docketed at 2015-CV-754 ("Case No. 754").  On May 8, 2015, Rutta and his son, Jesse Rutta ("Jesse"), initiated separate actions against Oz for defamation.  These cases were docketed at

2015-CV-5658 ("Case No. 5658") and 2015-CV-5659 ("Case No. 5659"), respectively.[1]  The trial court subsequently consolidated the three actions.

On January 28, 2019, Plaintiffs filed a "Motion for Partial Summary Judgment" concerning the breach of contract claims at Case No. 754.  By an Order entered on February 1, 2019, the trial court granted Plaintiffs' Motion.[2]  On February 28, 2019, Oz timely filed a single Notice of Appeal, which, importantly to this appeal, listed all three docket numbers.

In response to the appeal, on March 7, 2019, the trial court issued an Order, which complied with the dictates of Pa.R.A.P. 1925(b), and which the prothonotary sent to Oz.  This Order informed Oz that he was required to file a Rule 1925(b) concise statement of errors complained of *within 21 days* of the Order.  Trial Court Order, 3/7/19.  On April 1, 2019, three days late, Oz filed his Concise Statement.  The trial court then issued its Opinion, which recommended that this Court deem Oz's claims waived, based upon his failure to file a timely concise statement.  Trial Court Opinion, 6/25/19, at 13.

In the interim, on March 29, 2019, this Court issued a Rule to Show Cause for Oz to explain, *inter alia*, why we should not quash his appeal based on our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d

---

[1] We will hereinafter collectively refer to Case No. 754, Case No. 5658, and Case No. 5659 as the "three docket numbers."

[2] This Order listed all three docket numbers in the caption.

- 2 -

969, 971 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases.").[3] Counsel for Oz filed a Response to the Rule. Therein, counsel argued that although the Notice of Appeal listed three docket numbers, quashal was not necessary under *Walker*, as Oz was appealing the February 1, 2019, Order only to the extent that it entered summary judgment against him at Case No. 754, and, thus, the appeal did not implicate the other two defamation cases. This Court discharged the Rule and referred the matter to the merits panel.

Oz now presents the following claims for our review:

A. Whether the [trial] court committed an error of law in granting summary judgment four days after the Motion and Supporting Brief (115 pages total with Exhibits) were filed, without first providing [Oz] with an opportunity to respond and contest the same, as provided for in the Luzerne County Rules of Civil Procedure?

B. Whether the [trial] court committed an error of law and abuse of discretion in failing to provide [Oz] with basic due process in failing to provide [Oz] with an opportunity to be heard[?]

C. Whether the [trial] court committed an error of law and an abuse of discretion in summarily granting summary judgment based on reliance upon alleged admissions by virtue of [Oz's] failure to respond to requests for admissions, rather than in looking at the entire factual record before the [c]ourt?

Brief for Appellant at 4.

---

[3] This Court has held that *Walker* also applies to appeals in civil and family cases. *See In re M.P.*, 204 A.3d 976, 981 (Pa. Super. 2019).

Before addressing the merits of the issues raised by Oz, we first address two potential procedural impediments to our review: (1) whether the Order appealed from is a "final order"; and (2) whether Oz's Notice of Appeal complies with Pa.R.A.P. 341. We will address each procedural issue in turn.

Our review of the record discloses that Oz's causes of action are listed under separate docket numbers: Case No. 754 (the breach of contract claims); Case No. 5658 (Rutta's defamation action against Oz), and Case No. 5659 (Jesse's defamation action against Oz). On January 29, 2019, Plaintiffs filed a Motion for Summary Judgment only as to Case No. 754. By an Order entered on February 1, 2019, the trial court entered "partial" summary judgment, in favor of Plaintiffs, solely at Case No. 754. It is from this Order that Oz filed the instant appeal.

"In this Commonwealth, an appeal may only be taken from: 1) a final order or one certified by the trial court as final[, *see* Pa.R.A.P. 341]; 2) an interlocutory order as of right[, *see* Pa. R.A.P. 311]; 3) an interlocutory order by permission[, Pa.R.A.P. 1311]; or 4) a collateral order[, *see* Pa.R.A.P. 313]." *Estate of Considine v. Wachovia Bank*, 966 A.2d 1148, 1151 (Pa. Super. 2009) (citation omitted). An order is not final unless it disposes of "all claims and of all parties." Pa.R.A.P. 341(b)(1).

However, our Pennsylvania Supreme Court has held that, when a consolidation of cases occurs and the trial court later grants summary judgment in one action, the order granting summary judgment may be a final

order that is immediately appealable under ***Malanchuk v. Tsimura***, 137 A.3d 1283 (Pa. 2016). In ***Malanchuk***, the plaintiff sued two defendants in separate actions for injuries that arose from the same event. ***Id.*** at 1284. The trial court consolidated the two lawsuits "for purpose of discovery, arbitration, and … trial." ***Id.*** (quoting the trial court's consolidation order). The trial court entered summary judgment as to all claims against only one of the defendants. ***Id.*** The plaintiff filed an immediate appeal of the order granting summary judgment as to the one defendant. ***Id.*** An *en banc* panel of this Court quashed the appeal as interlocutory. ***Malanchuk v. Tsimura***, 106 A.3d 789, 795 (Pa. Super. 2014).

On allowance of appeal, the Pennsylvania Supreme Court reversed this Court, explaining that when a trial court consolidates separate civil actions, "**in every other respect the actions remain distinct and require separate verdicts and judgments**." ***Malanchuk,*** 137 A.3d at 1286 (emphasis added) (quoting ***Azinger v. Pa. R. Co.***, 105 A. 87, 88 (Pa. 1918)). Our Supreme Court explained that "complete consolidation between actions involving non-identical parties, subject matter, issues and defenses, is simply untenable." ***Id.*** Therefore, "whether a separate-judgment rule pertains hinges upon whether … consolidated actions merge, thereby erasing the separate identities of the actions." ***Id.*** Merger only occurs under ***Azinger*** and ***Malanchuk*** when there is "complete identity of parties and claims…." ***Id.*** at 1288.

Here, our review of the record discloses that there is no complete identity of parties and claims between the instant case, Case No. 754 (the breach of contract claims), and the defamation cases at Case No. 5658 (Rutta's defamation action against Oz), and Case No. 5659 (Jesse's defamation action against Oz). As merger of the consolidated cases did not occur, and the trial court's Order disposed of all claims of all parties at Case No. 754, we conclude that Oz's present appeal is from a final order, and not interlocutory. *See Malanchuk*.

Next, we address the second potential procedural impediment to the instant appeal: whether Oz's Notice of Appeal complies with Pa.R.A.P. 341 and our Supreme Court's decision in **Walker**. As this Court recently explained, "**Walker** and the note to Appellate Rule 341(a) require a bright-line rule that where 'one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed.'" **Commonwealth v. Larkin**, 2020 PA Super 163, at *3 (*en banc*).

In this case, however, the concerns that our Supreme Court expressed in **Walker** are not present. Though the cases were consolidated, they did not merge. The Order granting summary judgment at Case No. 754 did not resolve issues arising at the other two docket numbers, and did not "relate" to "more than one judgment[.]" **See** Pa.R.A.P. 341(a), Official Note; **but see, contra, Larkin**, 2020 PA Super 163, at *4 (concluding that, because the

appellant "seeks post-conviction relief relating to 'more than one docket,' **Walker** required him to file separate notices of appeal.").[4]  As such, we conclude that Oz properly filed one Notice of Appeal at Case No. 754.[5]

Having resolved these potential jurisdictional impediments, we next address whether Oz has preserved any claims for appellate review.  Our review of the record discloses that, on March 7, 2019, the trial court entered an Order requiring Oz to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal within 21 days.  On April 1, 2019, three days late, Oz filed his Concise Statement.  **See** Concise Statement, 4/1/19.

As the trial court observed in its Opinion,

> The Pennsylvania Superior Court has stated unequivocally that, since the Supreme Court's ruling in **Commonwealth v. Lord**, [719 A.2d 306 (Pa. 1998),] "…[i]t is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements." **Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 223 (Pa. Super. 2014) [(en banc)] (citing **Commonwealth v. Lord**, … 719 A.2d 306, 309 (Pa. 1990)).  The **Greater Erie** Court explained that, in **Lord**, the Supreme Court articulated the bright-line rule that [the] failure to comply with [Pa.R.A.P.] 1925(b) results in automatic waiver that must be addressed by an appellate court upon becoming aware of its implication.  **Id.** at 223-[]24….
>
> Notably, in **Greater Erie**, the Court explained that, even where a trial court ignores the untimely filing of a concise statement, an appellate court is without authority to review the substance of the matter.  **Id.** at 224.

---

[4] As the trial court determined in its Opinion, "the defamation suits are not at issue in this appeal."  Trial Court Opinion, 6/25/19, at 2 n.1.

[5] We note that Oz's Notice of Appeal listed all three docket numbers.

….

Applying the law to the facts of this matter, it is clear that [Oz] waived all issues for review[,] due to the untimely filing of his Concise Statement.  Upon the filing of [Oz's] Notice of Appeal, the [trial court] issued its March 7, 2019[,] Order in full compliance with Rule 1925(b)….

The Order was entered on the docket on March 7, 2019, and the Prothonotary sent notice to the parties that same day. (3/7/19 Order.)  The mailing of notice to the parties is indicated in the upper right-hand corner of the Order[,] where it states[,] "Copies Mailed 3/7/19." (3/7/19 Order).  Leaving out the day the order was docketed and including the final day of the time period, the twenty-first day was March 28, 2019[, a Thursday].  [Oz] did not file his Concise Statement until April 1, 2019.  (4/1/19 Concise Statement.)  There is no indication in the record that [Oz] properly mailed his Concise Statement with a United States Postal Service Form 3817, a Certificate of Mailing, or other similar United States Postal Form sufficient to verify the date the statement was mailed, such that another date could be considered the date of filing.  *See* Pa.R.A.P. 1925(b)(1).  **In fact, on the last page of [Oz's] Concise Statement, near the signature line, appears the handwritten  date, "April 1, 2019."**  Finally, [Oz] never requested an extension of time for filing his Concise Statement. Based on the uncontroverted facts of record, [Oz's] Concise Statement was untimely filed[,] and the Court must hold that all matters have been waived for the purposes of appeal.

Trial Court Opinion, 6/25/10, at 10, 13-14.  We agree with and adopt the trial court's reasoning and conclusion, as stated above.  *See id.*

Because Oz preserved no claims for our review, we affirm the trial court's Order granting summary judgment in favor of Plaintiffs and against Oz.

Application for Summary Affirmance denied as moot.  Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/12/2020