J-A19023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
Appellant :
v. :
:
:
MADHI DALI : No. 3677 EDA 2018
:

Appeal from the Order Entered December 19, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001906-2017,
CP-51-CR-0003042-2017

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and McCAFFERY, J.

DISSENTING MEMORANDUM BY McCAFFERY, J.:

**FILED NOVEMBER 17, 2020**

Although I agree with the learned majority that the Commonwealth has made a procedural error, for the reasons explained below, I respectfully dissent. I would hold that the Commonwealth's single notice of appeal, which was timely and properly filed, preserves the Commonwealth's ability to proceed with one of the cases listed thereon.

On June 1, 2018, our Supreme Court clarified in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), that litigants must file separate and distinct notices of appeal in cases where a single appealable order is entered as of more than one docket number, per Pa.R.A.P. 341. **Id.** at 976; **see also** Pa.R.A.P. 341, *note* ("Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment,

separate notices of appeal must be filed.") (citations omitted). Prior to *Walker*, it had been common in some judicial districts to file one notice of appeal where, for instance, a criminal defendant was convicted under two distinct, but related, docket numbers that were consolidated for trial.

On March 5, 2019, this Court entered a show cause order requesting the Commonwealth to demonstrate why its notice of appeal should not be quashed for failing to file separate notices of appeal at each docket pursuant to *Walker*. On March 13th, the Commonwealth filed its response, in which it acknowledged an "inadvertent clerical oversight" in filing a single notice of appeal and asked that it be permitted to proceed with its appeal as to "the lead docket number," CP-51-CR-0001906-2017. Commonwealth's Response, 3/13/19, at 2.

Although I largely agree with the learned majority's discussion of *Walker*, I see nothing in our decisional law that would forbid this; indeed, as I read *Walker*, this result is as consistent with that case and Rule 341 as quashal of both appeals would be. *Walker* does not explicitly mention this result, but it also does not mandate total quashal where appellants use a single notice of appeal for multiple related appeals arising from the same order. The *Walker* Court, of course, declined to quash, making application of its rule prospective. *Walker*, 185 A.3d at 977. The *Walker* Court held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so

requires the appellate court to quash **the appeal**." *Id.* at 977 (emphasis added). While **Walker** has occasioned some confusion for litigants, it is perhaps best described as standing for the principle that one notice of appeal creates one, and only one, appeal.

The Official Note to Pa.R.A.P. 341 reads in relevant part as follows:

> Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. **Malanchuk v. Tsimura**, 137 A.3d 1283, 1288 (Pa. 2016) ("[C]omplete consolidation (or merger or fusion of actions) does not occur absent a complete identity of parties and claims; separate actions lacking such overlap retain their separate identities and require distinct judgments"); **Commonwealth v. C.M.K.**, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, *note*.

When interpreting statutory language, appellate courts must "ascertain and effectuate the intention of the General Assembly." **Koken v. Reliance Ins. Co.**, 893 A.2d 70, 80-81 (Pa. 2006), *citing* 1 Pa.C.S. § 1921(a).[1] If the language is not ambiguous, we must apply it and not disregard its letter in pursuit of its spirit. 1 Pa.C.S. § 1921(b). Under Rule 341 and **Walker**, we must quash "the appeal" and we should do so. But there are two appeals at issue here, and we can hew to the law and give Rule 341 teeth without

---

[1] The rules of statutory construction recorded in Chapter 19 of Title 1 of the Pennsylvania Consolidated Statutes are applicable to the Rules of Appellate Procedure; **see** Pa.R.A.P. 107.

quashing both of them. If there were not two appeals, there would be no *Walker* issue, so it is almost true to the point of tautology that there are two appeals.

As a matter of logic, the defect that Rule 341 proscribes and that afflicts the Commonwealth's case is a procedural requirement that each trial court docket number should have its own notice of appeal to present the case properly to the appellate court. Thus, it appears that the failure does not necessarily mar both appeals; the Commonwealth filed a notice of appeal that was proper as to one docket number, although it listed a surplus docket number on that notice. It did not file a notice of appeal as to the second docket number, and thus there can be no proper appeal as to that matter.

This case is distinguishable from the ones cited in the Comment to Rule 341. In *C.M.K.*, the appellants, co-defendants at trial, filed a single, joint notice of appeal from two distinct judgments of sentence. *C.M.K.*, 932 A.2d at 112. *Malanchuk* presents the question of "whether an order awarding summary judgment in one of two civil cases consolidated for purposes of discovery and trial was appealable immediately as of right." *Malanchuk*, 137 A.3d at 1284.

Neither addresses the more common scenario arising under *Walker*, where a single defendant faces charges at multiple trial court docket numbers. *See, e.g., Commonwealth v. Stansbury*, 219 A.3d 157, 160 (Pa. Super. 2019) (PCRA court dismissed petition with single order, where two convictions

resulted from consolidated trial; PCRA court's instruction that appellant could file "an appeal" was breakdown in court operations, so this Court declined to quash); ***Commonwealth v. Jerome Johnson***, ___ A.3d ___, 1620 EDA 2018, 2020 WL 3869723, at *4 (Pa. Super. July 9, 2020) (*en banc*) (declining to quash where appellant filed four notices of appeal which contained all four trial court docket numbers; "Rule 341 and ***Walker*** make no mention of case numbers on a notice of appeal. . . . We should not invalidate an otherwise timely appeal based on the inclusion of multiple docket numbers, a practice that the Rules themselves do not expressly forbid."); ***Commonwealth v. Rebecca Johnson***, ___ A.3d ___, 2063 EDA 2018, 2020 WL 4211747, at *1 (Pa. Super. July 23, 2020) (*en banc*) (no ***Walker*** violation where appellant filed three notices of appeal, each listing all three trial court docket numbers).

The ***Johnson*** cases support the Commonwealth's position. This Court determined that there is no violation of ***Walker***, or Rule 341, where a notice of appeal contains multiple docket numbers. Under that reasoning, the Commonwealth's notice of appeal as to its lead case is not defective. It simply neglected to file a second notice of appeal, and has therefore failed to preserve an appeal as to the second matter. Thus, accepting the Commonwealth's notice of appeal would seem to be appropriate under both ***Johnson*** cases.

Fundamentally, total quashal in this case, in service of quashing "the appeal" under ***Walker***, appears to further the same procedural glitch that Rule 341 intends to avoid: treating two or more cases as if they are one case,

and thereby effectively "consolidating" them without consideration of the relevant features of the cases. Consolidation is largely the prerogative of the courts. *See* Pa.R.A.P. 513 (under certain circumstances "the appellate court may, in its discretion, order [multiple appeals] to be argued together in all particulars as if but a single appeal"). In my view, the Commonwealth's proposed action is consistent both with Rule 341 and its spirit, and therefore, to the extent that the Majority quashes both cases rather than accepting the notice of appeal as to the lead case, I respectfully dissent.