J-S18012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROXANNE STONE AND JACQUELINE HILL | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LYSTN, LLC, FOOD FOR LIFE TRUCKING AND LOGISTICS COMPANY, INTEGRATIVE GREEN SOLUTIONS, INCORPORATED, BIODYNAMIC FARMS, LLC   LYSTN, LLC, FOOD FOR LIFE TRUCKING AND LOGISTICS COMPANY, INTEGRATIVE GREEN SOLUTIONS, INCORPORATED, BIODYNAMIC FARMS, LLC | : | No. 1402 MDA 2021 |
| | : | |
| v. | : | |
| | : | |
| ROXANNE STONE, JACQUELINE HILL, AND INITIAL, LLC, CONSTANZIA LEVITSKY AND COCOVINNA, LLC | : | |
| | : | |
| APPEAL OF: ROXANNE STONE AND JACQUELINE HILL | : | |

Appeal from the Order Entered October 21, 2021
In the Court of Common Pleas of Berks County Civil Division at No(s):
21-11790

| | | |
|---|---|---|
| ROXANNE STONE AND JACQUELINE HILL | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |

LYSTN, LLC, FOOD FOR LIFE : No. 1403 MDA 2021
TRUCKING AND LOGISTICS :
COMPANY, INTEGRATIVE GREEN :
SOLUTIONS, INCORPORATED, :
BIODYNAMIC FARMS, LLC   LYSTN, :
LLC, FOOD FOR LIFE TRUCKING AND :
LOGISTICS COMPANY, INTEGRATIVE :
GREEN SOLUTIONS, :
INCORPORATED, BIODYNAMIC :
FARMS, LLC :
:
:
          v. :
:
:
:
ROXANNE STONE, JACQUELINE HILL, :
AND INITIAL, LLC, CONSTANZIA :
LEVITSKY AND COCOVINNA, LLC :
:

APPEAL OF: INITIAL, LLC

Appeal from the Order Entered October 21, 2021
In the Court of Common Pleas of Berks County Civil Division at No(s):
21-11790

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:               **FILED AUGUST 09, 2022**

Appellants, Roxanne Stone and Jacqueline Hill, appeal at docket number 1402 MDA 2021 from the trial court's October 21, 2021 order granting Appellees', Lystn, LLC, Food for Life Trucking and Logistics Company, Integrative Green Solutions, Incorporated, and Biodynamic Farms, LLC, petition for special relief and preliminary injunctive relief, and denying Ms. Stone and Ms. Hill's petition for a preliminary injunction.  Appellant, Initial,

- 2 -

LLC, also appeals from this same order at docket number 1403 MDA 2021.[1] Due to procedural missteps, we are constrained to remand this case to the trial court with instructions.

We need not delve into the facts underlying this matter at this time. Instead, we focus our attention on its procedural history. On July 21, 2021, Ms. Stone and Ms. Hill initiated an action against Appellees, which was docketed in the trial court at Docket Number 21-11790 ("No. 11790"). On August 19, 2021, Appellees initiated a separate action against Ms. Stone, Ms. Hill, Initial, LLC, Constanzia Levitsky, and Cocovinna, LLC, which was docketed in the trial court at Docket Number 21-12980 ("No. 12980").[2] On that same day, Appellees filed a petition for special and injunctive relief at No. 12980. A few days later, on August 25, 2021, Ms. Hill and Ms. Stone filed a petition for a preliminary injunction at No. 11790.

The trial court entered an order on August 30, 2021, consolidating the cases. This order was entered on both dockets.[3] In the order, the trial court stated that the cases were "consolidated for purposes of any special or preliminary injunction, all discovery and pre-trial matters, and trial." **See** Trial

---

[1] Throughout this writing, we refer to Ms. Stone, Ms. Hill, and Initial, LLC, collectively as 'Appellants.'

[2] We note that later, on September 24, 2021, Appellees filed an amended complaint with a claim for injunctive relief, naming only Ms. Hill, Ms. Stone, and Initial, LLC, as defendants.

[3] The records for both dockets were transmitted to this Court upon appeal. **See infra** (discussing the filing of the notices of appeal).

Court Order at No. 11790, 8/30/21, at 1; Trial Court Order at No. 12980, 8/30/21, at 1. Further, the docket at No. 12980 contains an entry, dated August 30, 2021, stating: "MAKE ALL FURTHER ENTRIES TO #21-11790." **See** Docket Entry No. 20 at No. 12980 (capitalization in original). Accordingly, no further docket entries appear on the docket for No. 12980.

Following a hearing on the preliminary injunction requests, the trial court issued an order on October 21, 2021, granting Appellees' petition for special relief and preliminary injunctive relief, and denying Ms. Hill and Ms. Stone's petition for a preliminary injunction. This order was only docketed at No. 11790.

On October 21, 2021, Ms. Stone and Ms. Hill filed a notice of appeal at No. 11790.[4, 5] In their notice of appeal, they listed both docket numbers. That same day, Initial, LLC, also filed a notice of appeal at No. 11790.[6] Like Ms. Stone and Ms. Hill, Initial, LLC, listed both docket numbers in its notice.

On November 22, 2021, this Court issued nearly identical rules to show cause to Ms. Hill and Ms. Stone, and Initial, LLC. Therein, we explained:

---

[4] **See** Pa.R.A.P. 311(a)(4) (stating that an appeal may be taken as of right from "[a]n order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction").

[5] As mentioned **supra**, Ms. Stone and Ms. Hill's appeal was docketed in this Court at 1402 MDA 2021.

[6] As mentioned **supra**, Initial, LLC's appeal was docketed in this Court at 1403 MDA 2021.

- 4 -

Appellant has filed one notice of appeal that includes multiple docket numbers. Pennsylvania Rule of Appellate Procedure 341(a) and its Note generally require the filing of separate notices of appeal. The Supreme Court of Pennsylvania has confirmed, prospective to its decision filed June 1, 2018, a notice of appeal that fails to comply with [Pa.R.A.P.] 341 and its Note shall result in quashal of the appeal. *See Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018).[7] The Pennsylvania Supreme Court has held, however, that filing one notice of appeal from a single order entered at the lead docket for "consolidated civil matters where all record information necessary to adjudication of the appeal exists, and which involves identical parties, claims and issues, does not run afoul of *Walker*, Rule 341, or its Official Note." *Always Busy Consulting, LLC v. Babford & Co., Inc.*, 247 A.3d 1033, 1043 (Pa. 2021).

The instant notice of appeal was filed on October 21, 2021, well after the *Walker* decision, and after the *Always Busy* decision. Further, it does not appear that these cases involve identical parties, claims and issues. Accordingly, Appellant is directed to show cause, within **fourteen (14) days** of the date of this Order, in the form of a letter addressed to the Prothonotary of this Court with a copy to opposing counsel, as to why the above-captioned appeal should not be quashed. Failure to comply with this Order may result in quashal of the appeal without further notice.

Rule to Show Cause at 1403 MDA 2021, 11/22/21, at 1-2 (unnumbered; emphasis in original); *see also* Rule to Show Cause at 1402 MDA 2021, 11/22/21 (similar).

Ms. Hill and Ms. Stone, and Initial, LLC, filed timely, virtually identical responses to the rules to show cause. Therein, they argued that their appeals were proper under the rule articulated in *Always Busy*, as they filed "a single

---

[7] As we discuss further below, since we issued our rules to show cause, our Supreme Court has overruled statements in the *Walker* opinion indicating that the failure to file separate appeals from an order that resolves issues arising on more than one docket *requires* the appellate court to quash the appeal. *See Commonwealth v. Young*, 265 A.3d 462, 477 n.19 (Pa. 2021) (citations omitted).

- 5 -

notice of appeal from a single order entered at the lead docket number for consolidated civil matters[,]" and "all record information … necessary for adjudication of the appeal exists…[.]" *See* Ms. Stone and Ms. Hill's Response to Rule to Show Cause, 11/23/21, at ¶ 17; *see also* Initial, LLC's Response to Rule to Show Cause, 11/23/21, at ¶ 17.  Further, they argued that *Always Busy*

> is not to be construed under a hyperliteralism that all parties in the consolidated civil matters must be identical; otherwise, that creates a requirement impossible of execution where, under the [o]rder granting consolidation, Appellants were not permitted to file at … No. … 12980[,] and where Pa.R.A.P. 904(d) requires the [n]otice of [a]ppeal to include a copy of the docket "**showing the entry of the order appealed from**," whereas in the instant case the order appealed from was not docketed at No. … 12980.

Ms. Stone and Ms. Hill's Response to Rule to Show Cause, 11/23/21, at ¶ 18 (emphasis in original; internal citation omitted); *see also* Initial's Response to Rule to Show Cause, 11/23/21, at ¶ 18.

On December 9, 2021, this Court entered orders discharging the rules to show cause and permitting the appeals to proceed.  In our orders, we advised Appellants that this ruling was "not binding upon this Court as a final determination as to the propriety of the appeal.  The parties are advised that the issue may be revisited by the panel to be assigned to the case…." Order at 1402 MDA 2021, 12/9/21, at 1 (single, unnumbered page); *see also* Order at 1403 MDA 2021, 12/9/21, at 1 (single, unnumbered page).  Subsequently, on December 10, 2021, we entered an order consolidating the appeals at 1402 MDA 2021 and 1403 MDA 2021.

Before we may address Appellants' issues, we must evaluate the propriety of their appeals. Respectively, Ms. Stone and Ms. Hill, and Initial, LLC, have filed one notice of appeal from an order that resolves issues arising on more than one lower court docket. As mentioned **supra**, our Supreme Court declared in **Walker** that "in future cases Rule 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." **Walker**, 185 A.3d at 977 (footnote omitted).[8] Since **Walker**, however, our High Court has carved out an exception to **Walker's** general rule, holding that "filing a single notice of appeal from a single order entered at the lead docket number for consolidated civil matters where all record information necessary to

_____

[8] While Rule 341 pertains to final orders, our Supreme Court in **Walker** deemed unpersuasive the Commonwealth's argument that neither Rule 341(a) nor its Official Note applied where it had filed its appeal pursuant to Pa.R.A.P. 311(d) (permitting the filing of interlocutory appeals as of right from an order in a criminal case that the Commonwealth certifies will terminate the case or substantially handicap its prosecution). **See Walker**, 185 A.3d at 975 n.3. The Court explained that the Commonwealth "has not presented any compelling argument as to why the rules relating to the filing of multiple appeals should differ under Rules 311(d) and 341(a)." **Id.** Furthermore, the Court directed "our Appellate Procedural Rules Committee to amend the language of the Official Note to Rule 341 in light of this Opinion, and to consider further, as an alternative, an amendment to Rule 341 to state explicitly the requirement that separate notices of appeal must be filed when a single order resolves issues arising on more than one lower court docket. **The rules relating to interlocutory appeals (Pa.R.A.P. 311–313) shall be conformed, as necessary, to Rule 341 in this regard.**" **Id.** at 977-78 (emphasis added). Thus, in the case _sub judice__, **Walker's** holding would apply to the parties' appeals taken pursuant to Rule 311(a)(4).

adjudication of the appeal exists, and which involves identical parties, claims and issues, does not run afoul of **Walker**, Rule 341, or its Official Note." **Always Busy**, 247 A.3d at 1043 (footnote omitted).

Despite Appellants' argument that their appeals are proper under the exception articulated in **Always Busy**, we disagree. The actions here do not involve identical parties. At No. 11790, Ms. Stone and Ms. Hill sued Appellees. At No. 12980, Appellees sued Ms. Stone, Ms. Hill, **and Initial, LLC**. **See** footnote 2, **supra**. Thus, without identical parties, **Always Busy's** exception to the **Walker** rule does not apply. **Accord Constantakis v. Bryan Advisory Services**, ___ A.3d ___, 2022 PA Super 81, *5 (filed May 5, 2022) (stating that the appellants "have failed to convince us the exception to **Walker** established in **Always Busy** … extends to this matter where there is no complete identity of parties and, thus, no consolidation of the underlying cases") (citations omitted).[9]

Nevertheless, we need not quash Appellants' appeals. As touched on above, in **Young**, our Supreme Court overruled statements in **Walker** conveying that the failure to file separate appeals from an order that resolves issues arising on more than one docket **requires** the appellate court to quash

___

[9] We also observe that, without identical parties, a complete consolidation of the actions could not take place. **See Malanchuk v. Tsimura**, 137 A.3d 1283, 1288 (Pa. 2016) ("[C]omplete consolidation (or merger or fusion of actions) does not occur absent a complete identity of parties and claims; separate actions lacking such overlap retain their separate identities and require distinct judgments; these principles pertain equally to appealability determinations; and they continue to operate even in the face of an order purporting to consolidate the actions 'for all purposes.'") (footnote omitted).

the appeal. *See Young*, 265 A.3d at 477 n.19 (citations omitted); *see also* footnote 7, *supra*. In determining that quashal is not always necessary, the Court relied on Pennsylvania Rule of Appellate Procedure 902, which provides:

> An appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for appeal). *Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.*

Pa.R.A.P. 902 (emphasis added).

> The Court went on to opine that,

> the relationship between Rules 341(a) and 902 is clear. Rule 341 requires that when a single order resolves issues arising on more than one docket, separate notices of appeal must be filed from that order at each docket; but, where a timely appeal is erroneously filed at only one docket, Rule 902 permits the appellate court, in its discretion, to allow correction of the error, where appropriate.

*Young*, 265 A.3d at 477 (footnote omitted). Thus, while the Court "reaffirm[ed] *Walker's* pronouncement that 'the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket[,]'" it "expressly overrule[d] those statements in the opinion indicating '[t]he failure to do so *requires* the appellate court to quash the appeal.'" *Id.* at 477 n.19 (citations omitted; emphasis in original).

Thus, pursuant to *Young*, we exercise our discretion to permit the procedural errors below to be corrected. To begin, we instruct the trial court to enter its October 21, 2021 order on the docket at No. 12980 within ten (10)

days of the filing date of this memorandum.[10]  Ms. Stone and Ms. Hill, and Initial, LLC, are then directed to respectively file a notice of appeal with the trial court within ten (10) days of the entry of the October 21, 2021 order on the docket at No. 12980.  The notice of appeal shall list only the trial court docket number 21-12980 in the caption and be filed at that docket.

Upon receipt of the notices of appeal, the trial court shall docket each of them and forward them — along with the trial court's newly-entered October 21, 2021 order — to this Court's Prothonotary within fourteen (14) days of receipt.  *See* Pa.R.A.P. 905(b) ("The clerk shall immediately transmit to the prothonotary of the appellate court named in the notice of appeal a copy of the notice of appeal…."). These items should be transmitted to this Court as a supplemental record, which we will then include in the certified record that is currently in our possession.  Upon receipt from the trial court, the Prothonotary of this Court shall docket the appeals, assign them appeal docket numbers, and consolidate them with the appeals at 1402 MDA 2021 and 1403 MDA 2021.

_____

[10] *See Malanchuk*, 137 A.3d at 1288 ("[C]omplete consolidation (or merger or fusion of actions) does not occur absent a complete identity of parties and claims; separate actions lacking such overlap retain their separate identities and require distinct judgments; these principles pertain equally to appealability determinations; and they continue to operate even in the face of an order purporting to consolidate the actions 'for all purposes.'"); *Constantakis, supra* at *3 n.4 ("[W]e conclude the trial court properly exercised its discretion in consolidating these two matters for administrative convenience, but because the parties are not identical, the consolidation order does not supplant the requirement for the entry of separate judgments in each case.").

The Prothonotary of this Court is directed to forward a copy of this memorandum to the Honorable J. Benjamin Nevius and the trial court Clerk of Courts. We also note that Appellants' noncompliance with the above-stated instructions may result in quashal.

Case remanded with instructions. Jurisdiction retained.